UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARKISHA MILTON,

    Plaintiff,

v.

TREY LYONS and CITY
OF DETROIT,

    Defendants.

Case No. 2:17-cv-11548

HON. STEPHEN J. MURPHY, III

_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING
IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [19]**

In May 2015, an off-duty police officer fired his personal firearm during an altercation in a parking lot outside a major entertainment venue. A stray bullet struck Plaintiff, so she sued and alleged federal constitutional violations and state tort claims. Before the Court is Defendants' Motion for Summary Judgment. The issues are fully briefed, and a hearing is unnecessary. E.D. Mich. LR 7.1(f). Because Defendant Lyons did not act under color of state law, the Court will grant summary judgment in favor of Defendants on the federal claims and refrain from exercising jurisdiction over the state claims.

**BACKGROUND[1]**

In May 2015, Defendant Trey Lyons attended a comedy show at a major venue in the Detroit area. ECF 22-3, PgID 547; ECF 22-4, PgID 596. Although Lyons is a police officer, he was off duty at the time. ECF 22-7, PgID 645. As Lyons approached the venue,

---

[1] Given the case's posture, the Court recounts the facts in the light most favorable to Plaintiff. The summary is not a finding of any fact.

1

his car's tire deflated. *Id.* He then pulled the car into a parking spot and began to change the tire from an adjacent spot. *Id.*

Plaintiff also attended the comedy show with her husband and four friends. ECF 19-6, PgID 165, 10:8–15. As the group looked for parking, they noticed Lyons in the spot next to his car. ECF 19-6, PgID 168, 22:24–23:3. The driver asked Lyons to move, but he refused. *Id.* at 168–69, 24:24–25:12. The driver then began to back into the spot until Lyons struck the back of the car. *Id.* at 170, 29:22–25. Upon hearing the strike, the driver exited his car. *Id.* at 171, 35:25–36:2. Either then or shortly after, Lyons identified himself as an off-duty police officer to diffuse the situation. ECF 22-3, PgID 552. The parties dispute precisely how things escalated, but it is undisputed that a physical fight broke out and Lyons fired his personal gun.[2] ECF 19-2, PgID 89; ECF 22, PgID 441. Although Plaintiff was not directly involved in the fight, she was struck in the rear by a stray bullet. ECF 19-6, PgID 177–78, 60:17–61:12.

## STANDARD OF REVIEW

Summary judgment is proper if there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material for purposes of summary judgment if its resolution would establish or refute an

---

[2] At one point, Plaintiff refers to the gun as a "Detroit Police Department Firearm." ECF 22, PgID 446. That phrasing could suggest Detroit owned or issued the gun, which would affect the Court's analysis. But Plaintiff's citation states that the gun was merely registered with the police department, ECF 22-4, PgID 596, Lyons confirmed in a deposition that the gun was not his service weapon, ECF 22-3, PgID 581, 112:5–7, and department policy requires officers to use their own funds to purchase off-duty secondary weapons, ECF 22-8, PgID 655. Given that evidence, there is no genuine issue about the ownership of the weapon. And the parties are cautioned not to mislead the Court about any material facts. *See* Mich. R. Prof'l Conduct 3.3.

"essential element[] of a cause of action or defense asserted by the parties[.]" *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984).

In considering a motion for summary judgment, the Court must view the facts and draw all inferences in the light most favorable to the non-moving party. *Stiles ex rel. D.S. v. Grainger Cty., Tenn.*, 819 F.3d 834, 848 (6th Cir. 2016). The Court must then determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986). And although the Court may not make credibility judgments or weigh the evidence, *Moran v. Al Basit LLC*, 788 F.3d 201, 204 (6th Cir. 2015), a mere "scintilla" of evidence is insufficient to survive summary judgment; "there must be evidence on which the jury could reasonably find for the plaintiff," *Anderson*, 477 U.S. at 252.

**DISCUSSION**

I.    <u>The Federal Claims</u>

Plaintiff brings her constitutional claims under 42 U.S.C. § 1983. ECF 1, PgID 4, 7. Consequently, she must show that her rights were violated by a person acting under color of state law.[3] *West v. Atkins*, 487 U.S. 42, 48 (1988). A person acts under color of state law when he exercises power that he possesses only because he is "clothed with the authority of state law." *Id.* at 49. When a police officer is off-duty, he acts under color of state law when he purports to exercise official authority. *Mooneyhan v. Hawkins*, 129 F.3d 1264, *4 (6th Cir. 1997) (table). An off-duty officer purports to exercise official

---

[3] The determination of whether a person acts under color of state law is typically a question of law. *Neuens v. City of Columbus*, 303 F.3d 667, 670 (6th Cir. 2002). Thus, the determination is properly made at the summary judgment stage.

3

authority when he: (1) invokes his authority to advance a purely private action; or (2) undertakes an official duty. *See, e.g.*, *Stengel v. Belcher*, 522 F.2d 438, 441 (6th Cir. 1975) (officer obligated to intervene in an altercation, used department-issued weapons, and attempted an arrest); *Pickrel v. City of Springfield*, 45 F.3d 1115, 1117–18 (7th Cir. 1995) (officer arrested plaintiffs during employment as a private security guard while wearing his police uniform and badge); *United States v. Tarpley*, 945 F.2d 806, 809 (5th Cir. 1991) (officer beat his wife's former lover while telling victim he could beat and shoot him because he was an officer).

Here, Lyons made several decisions that were perhaps improper. But the action at issue is the firing of his gun during the physical fight. The fight was private in nature, and there was no indication that Lyons was duty bound to act. *Cf. McGuire v. City of Royal Oak*, 295 F. App'x 736, 737 (6th Cir. 2008) (off-duty officer assisting in investigation); *Stengel*, 522 F.2d at 441 (off-duty officer obligated to stop altercation). The Court therefore looks to see whether Lyons invoked his authority to advance a purely private action.

He did not. Manifestations of official authority include flashing a badge, identifying oneself as a police officer, or placing an individual under arrest. *Memphis, Tenn. Area Local, Am. Postal Workers Union, AFL-CIO v. City of Memphis*, 361 F.3d 898, 903 (6th Cir. 2004). In Plaintiff's favor, Lyons identified himself as an off-duty police officer either at the onset of the altercation or shortly after it started. ECF 22-3, PgID 552, 26:14–22. Lyons then continued to identify himself as a police officer as the fight escalated, ECF 19-

6, PgID 169, 26:2–3, and he even thought he was acting as a police officer,[4] ECF 22-3, PgID 552, 27:14–16.

But overall, the nature of Lyons's actions were not an expression of his authority as an officer. *Stengel*, 522 F.2d at 440 (holding that "the nature of the act performed" is controlling) (quotation omitted). Instead, he acted like any other patron at a comedy show might have in a similar circumstance. *See Sanchez v. Crump*, 184 F. Supp. 2d 649, 656 (E.D. Mich. 2002) (Officer was not acting under color of state law when his actions were "the functional equivalent of any private citizen"). He wore plain clothes, in a public place, while carrying a personal firearm that anybody could buy. He was then confrontational, got in a fight that escalated too far, and fired his gun. None of those actions stemmed from Lyons's position as a police officer. Although Lyons identified himself as an officer, he did so to diffuse the situation—not to justify, advance, or effectuate the firing of his gun. ECF 22-3, PgID 552, 26:23–27:5. Given those facts, Lyons's actions were not carried out under the color of state law. *See Hudson v. Maxey*, 856 F. Supp. 1223, 1228 (E.D. Mich. 1994) (holding that a "private matter of domestic violence does not rise to the level of constitutional deprivation" when an off-duty officer identifies himself, attempts an arrest, and uses his personal gun).

Because Lyons did not act under color of state law, Plaintiff cannot sustain her federal claims under 42 U.S.C. § 1983. With no federal claims remaining, the Court may decline to exercise supplemental jurisdiction over Plaintiff's remaining state claims. 28

---

[4] Lyons's thoughts about whether he was acting as a police officer are insufficient to decide the question because the Court cannot blindly accept legal conclusions. *See Neuens*, 303 F.3d at 671 (holding that a Court must perform an independent review of whether a party acted under color of state law).

U.S.C. § 1367(c)(3). In the interest of justice, judicial economy, and comity to state courts, the Court declines to exercise its jurisdiction. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726–27 (1966).

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Defendants' Motion for Summary Judgment [19] is **GRANTED IN PART AND DENIED IN PART**. Defendants are entitled to judgment on Counts I and III.

**IT IS FURTHER ORDERED** that Plaintiff's remaining counts are **DISMISSED WITHOUT PREJUDICE**.

This is a final order that closes the case.

**SO ORDERED.**

                                            s/ Stephen J. Murphy, III
                                            STEPHEN J. MURPHY, III
                                            United States District Judge

Dated: May 30, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 30, 2018, by electronic and/or ordinary mail.

                                            s/ David Parker
                                            Case Manager